# IN THE COURT OF APPEALS OF IOWA

No. 15-1786
Filed October 26, 2016

**STARK CONSTRUCTION and CHARLES STARK,**
    Petitioners-Appellees,

**vs.**

**JOHN LAUTERWASSER,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill,

Judge.

An employee appeals following the district court's order remanding this

workers' compensation case to the agency. **REVERSED AND REMANDED.**

Thomas M. Wertz and Daniel J. Anderson of Wertz, Drake & Anderson,

Cedar Rapids, for appellant.

Matthew G. Novak and Bradley J. Kaspar of Pickens, Barnes &

Abernathy, Cedar Rapids, for appellees.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

John Lauterwasser injured his hand on a saw while working in September 2009. After receiving treatment, he filed a claim for workers' compensation benefits against Stark Construction in 2010. After hearing testimony in 2011, the deputy workers' compensation commissioner denied benefits, finding Lauterwasser was not an employee of Stark Construction but was instead a subcontractor. On intra-agency appeal, the deputy's decision was reversed, and Lauterwasser was awarded benefits.

Stark Construction sought judicial review with the district court, and the court concluded the agency erred in finding Lauterwasser was an employee. The district court reversed the agency's decision, finding the agency's conclusion that Lauterwasser was an employee was "illogical." The case was appealed to this court, and we reversed the district court's judicial review decision, concluding substantial evidence supported the agency's factual findings and its application of law to the facts was not irrational, illogical, or wholly unjustifiable. *See Stark Constr. v. Lauterwasser*, No. 13-0609, 2014 WL 1495479, at *1 (Iowa Ct. App. Apr. 16, 2014). However, because Lauterwasser's employment status was not the only issue raised on judicial review, we remanded the case to the district court "for consideration of the remaining challenges to the commissioner's award." *See id.* at *9.

On remand the district court noted the only remaining issue was Stark Construction's claim Lauterwasser failed to give timely notice of his injury, which would have precluded him from recovering benefits under Iowa Code section 85.23 (2009). The district court stated there was no agency ruling on the lack-of-

notice issue but that the issue of the timeliness of notice was a factual determination. It then remanded the matter to the agency "for issuance of a decision on [Stark Construction's] argument that [Lauterwasser] failed to give notice of his work injury under Iowa Code §§ 85.23 and 85.24."

Lauterwasser appeals, claiming the district court's remand to the agency was improper because the lack of agency ruling on this issue is indicative of Stark Construction's failure to preserve error on the issue of its notice defense for judicial review. Lauterwasser claims that the district court should have concluded the lack of error preservation precluded Stark Construction from raising the notice issue on judicial review and simply issued a ruling affirm the agency's final decision awarding him benefits. In response, Stark Construction asserts this court does not have jurisdiction to hear this appeal because Lauterwasser filed an improper 1.904(2) motion that failed to toll the time for filing the notice of appeal. Stark Construction therefore claims this appeal is untimely, depriving this court of jurisdiction. In the alternative, Stark Construction asserts the remand to the agency was proper as the district court did not have "jurisdiction" to address the notice defense or error preservation claim without first having a ruling from the agency.

**I. The Validity of the Rule 1.904(2) Motion.**

Before we can address the merits of Lauterwasser's appeal, we first must determine whether this matter was timely appealed. A notice of appeal must be filed within thirty days after the final order or judgment. Iowa R. App. P. 6.101(1)(b). "A failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal." *Hills Bank & Trust Co. v. Converse*, 772

N.W.2d 764, 771 (Iowa 2009).  The notice of appeal in this case was filed well beyond the thirty-day deadline; however, it was filed within thirty days of the district court's ruling on Lauterwasser's motion under Iowa Rule of Civil Procedure 1.904(2).  A proper motion under rule 1.904(2) will toll the time for filing a notice of appeal.  *See* Iowa R. App. P. 6.101(1)(b); *In re Marriage of Okland*, 699 N.W.2d 260, 265–66 (Iowa 2005) ("[A]n untimely or improper rule 1.904(2) motion cannot extend the time for appeal.").  So we must determine whether the 1.904(2) motion was proper.

> When a rule 1.904(2) motion amounts to nothing more than a rehash of legal issues previously raised, we will conclude the motion does not toll the time for appeal. *Explore Info. Servs. v. Ct. Info. Sys.*, 636 N.W.2d 50, 57 (Iowa 2001).  By contrast, when used to obtain a ruling on an issue that the court may have overlooked, or to request the district court enlarge or amend its findings when it fails to comply with rule 1.904(1), the motion is proper and will toll the time for appeal.

*Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668–69 (Iowa 2013).

In this case, the district court, in its ruling, articulated Lauterwasser's claim was that Stark Construction failed to preserve error on its lack-of-notice defense because the agency failed to rule on the defense and Stark Construction's failed to file a motion for a rehearing in the agency before it filed its petition for judicial review.  The district court, however, did not rule on Lauterwasser's error-preservation issue; instead it remanded the matter to the agency to issue a decision on the lack-of-notice defense.  Because the district court did not decide Lauterwasser's error-preservation claim, the rule 1.904(2) motion was proper as it was used "to obtain a ruling on an issue that the court may have overlooked."

*Id.* at 669. We thus conclude the notice of appeal was timely filed, giving this court jurisdiction to hear Lauterwasser's appeal.

## II. The District Court's Remand to the Agency.

Lauterwasser claims the district court erred in remanding the matter to the agency for the agency to issue a decision on Stark Construction's lack-of-notice defense. Lauterwasser claims Stark Construction failed to get a ruling from the agency on its affirmative defense before filing its petition for judicial review, and as a result, Stark Construction has waived the issue.

Stark Construction asserts, and we agree, that it raised the affirmative defense of the lack of notice before both the deputy commissioner at the arbitration hearing and before the commissioner on intra-agency appeal. However, when the agency issued its appeal decision awarding Lauterwasser benefits, there is no mention of Stark Construction's lack-of-notice defense.

> When an agency fails to address an issue in its ruling and a party fails to point out the issue in a motion for rehearing, we find that error on these issues has not been preserved. Our respect for agency processes in administrative proceedings is comparable to that afforded to district courts in ordinary civil proceedings. Just as we do not entertain issues that were not ruled upon by the district court and that were not brought to the district court's attention through a proper posttrial motion, *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002), we decline to entertain issues not ruled upon by an agency when the aggrieved party failed to follow available procedures to alert the agency of the issue.

*KFC Corp. v. Iowa Dep't of Revenue*, 792 N.W.2d 308, 329 (Iowa 2010). A court's consideration of issues on judicial review "is limited to questions considered by the agency." *Office of Consumer Advocate v. Iowa State Commerce Comm'n*, 465 N.W.2d 280, 283 (Iowa 1991). Issues not raised before, or decided by, the agency are deemed waived on judicial review. *Id.*

The district court remanded the case to the agency pursuant to its authority under Iowa Code section 17A.19(7). Iowa Code section 17A19(7) provides:

> In proceedings for judicial review of agency action a court may hear and consider such evidence as it deems appropriate. In proceedings for judicial review of agency action in a contested case, however, a court shall not itself hear any further evidence with respect to those issues of fact whose determination was entrusted by Constitution or statute to the agency in that contested case proceeding. Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court and mail copies of the new findings or decisions to all parties.

This provision provides a district court with the discretion to remand a matter to the agency in a contested case proceeding when a party articulates a reason additional evidence is material and good reasons exist for failing to present that evidence to the agency in the initial contested case proceeding. Iowa Code § 17A.19(7). The remand ordered in this case does not involve a party needing to present additional evidence to the agency in a contested case proceeding. Instead, the district court is requesting the agency to simply rule on an issue previously presented to the agency based on the existing factual record. Thus, section 17A.19(7) does not provide the court with the ability to remand the matter to the agency for a ruling on Stark Construction's lack-of-notice defense.

We agree with Lauterwasser the district court erred in remanding the case to the agency for a ruling on an issue previously presented to the agency. In light of Stark Construction's failure to preserve error by neglecting to file a motion for rehearing when the agency did not rule on its lack-of-notice defense prior to filing the petition for judicial review, the district court should have denied Stark Construction's petition for judicial review and affirmed the agency's final decision awarding benefits to Lauterwasser. We reverse the district court's decision remanding this matter to the agency and remand for the entry of an order consistent with this opinion.

**REVERSED AND REMANDED.**